FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 3 2015

JAMES W. McCORMACK, CLERK
By:_____ 
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK**

| | |
|---|---|
| JEFFREY WOOD,<br>    PLAINTIFF, | |
| v. | Case No. 4:15CV427-KGB |
| MID-SOUTH ADJUSTMENT CO., INC.<br>    DEFENDANT | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant Mid-South Adjustment Co., Inc.'s ("Defendant") violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

### VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant is located in this District.

### PARTIES

4. Plaintiff, Jeffrey Wood ("Plaintiff"), is an adult individual residing in Rockwall County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant is a business entity operating from Sheridan, Arkansas.

6. Defendant can be served via its registered agent, Brad Dowler, at 1000 Hwy 35 N., Ste 2B, Benton, AR  72019.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

This case assigned to District Judge _____
and to Magistrate Judge _____

8. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

9. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

10. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, Plaintiff believes the Account was a medical debt owed to Little Rock Pediatric Clinic ("LRPC"), a former medical service provider to one of Plaintiff's children.

11. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. From approximately June 2008 to April 2010, LRPC provided regular medical services to Plaintiff's child.

13. Plaintiff regularly kept his account with LRPC current.

14. In April 2010, Plaintiff and his family moved from Little Rock, Arkansas to Dallas, Texas.

15. In August 2012, Plaintiff and his family visited Little Rock, Arkansas, at which time Plaintiff's child became ill and required medical attention.

16. Plaintiff took his child to LRPC because he was familiar with their practice.

2

17. When Plaintiff presented to LRPC, Plaintiff was not asked and Plaintiff failed to
    inform LRPC that Plaintiff had moved to Dallas, Texas. However, Plaintiff believes
    he did present a new insurance card indicating a Texas health insurance policy.

18. At the office visit to LRPC, Plaintiff paid the requested co-pay and his child was seen
    by a medical professional.

19. Subsequent to the office visit, LRPC, upon information and belief, submitted and
    insurance claim to Plaintiff' health insurance provider, was compensated, and then
    LRPC likely sent medical bills to the last known address LRPC had for Plaintiff,
    which was an address in either Little Rock, North Little Rock, or Maumelle.

20. Upon information and belief, the amount allegedly owed to LRPC was approximately
    $138.

21. Plaintiff never received any of the bills mailed by LRPC as he had not been at that
    address in more than 2 years. None of the bills were forwarded to Plaintiff's new
    address.

22. Subsequent to its own attempts to be paid, LRPC transferred the Account to
    Defendant for collection.

23. If Defendant ever mailed Plaintiff a notice of the bill, it was not received by Plaintiff.

24. Plaintiff did not discover the debt until January 2015 when Plaintiff discovered that
    Defendant had reported the debt on Plaintiff's credit report.

25. On approximately February 4, 2015, Plaintiff called Defendant to discuss the account.
    When he determined the timeline of events, he explained the above facts to
    Defendant, but Defendant refused to remove the item from Plaintiff's credit report
    despite Plaintiff's offer to pay the Account if it was removed.

3

26. Plaintiff asked Defendant's collector, "Ashley," how long the item would be on his credit report and Ashley said that Defendant could report the account on Plaintiff's credit report for a period of seven years from the time that Defendant first reported the account on Plaintiff's credit report, which was approximately July 2014.

27. Plaintiff questioned Ashley as to whether she meant seven years from the date the medical services were provided and "Ashley" said no, that the FCRA compliance date was based on the time Defendant first reported the account to the credit bureaus.

28. The information "Ashley" provided to Plaintiff was false, misleading and deceptive.

29. Defendant's purpose for reporting the Account to the consumer reporting agencies and for speaking with Plaintiff on the phone about the Account was to attempt to collect the Account.

30. The telephone call constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant spoke with Plaintiff was to attempt to collect the Account.

32. The statements and actions of Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violated 15 U.S.C. § 1692e generally and §1692e(2)&(5)&(8)&(10) specifically.

33. All of the conduct by Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

34. As a consequence of Defendant's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

4

## RESPONDEAT SUPERIOR

35. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agents of Defendant at all times mentioned herein.

36. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

37. The representative(s) and/or collector(s) at Defendant were under the direct supervision and control of Defendant at all times mentioned herein.

38. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY MID-SOUTH ADJUSTMENT CO., INC.

39. The previous paragraphs are incorporated into this Count as if set forth in full.

40. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e generally and §1692e(2)&(5)&(8)&(10) specifically.

41. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ADS.

## JURY TRIAL DEMAND

42. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

43. Judgment in favor of Plaintiff and against Defendant.

44. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

45. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

46. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

47. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOODFIRM PLLC

Jeffrey D. Wood, Esq.
ArkBN: 2006764
103 N. Goliad, Suite 204
Rockwall, TX 75087
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@mmlaw.pro
Attorney for Plaintiff